## ELDRIDGE *vs.* WADLEIGH.

Though as a general rule, a vendor cannot be called as a witness for the vendee, to sustain his title, when that title is called in question, yet he may be thus called, in cases where his interest is balanced.

As where goods are attached as the property of the witness and replevied by his vendee. If the vendee prevails, the warranty, actual or implied, is satisfied; if the creditor prevails, the value of the goods is applied to the payment of the witness' debt.

Whether a vendor would or would not be liable to his vendee, for *costs* incurred in defending the title, as well as for the value of the goods, on receiving *notice of the suit*, and being called upon to take upon himself the defence of it, he would not be liable for costs *without such notice*.

THIS was *replevin* for a yoke of oxen, and was tried upon the general issue and a brief statement of the defendant alleging property in himself.

The defendant proved that he put the oxen into the possession of one *Waterman*, under an agreement to be returned when called for.

The plaintiff claimed under a purchase from *Waterman*, whom he offered as a witness, and who was permitted to testify, subject to the opinion of the whole Court upon his admissibility. *Waterman* testified, that the defendant let him have the oxen to keep, under an agreement that if he paid for them in hay by a certain time, the oxen were to be his; and that he did pay for them by the delivery of the hay, but that the defendant gave him credit for the hay on his general account, and upon a settlement of accounts between them, subsequent to the sale to the plaintiff, the hay was inadvertently allowed to his credit on the general account, in which the oxen were not charged.

If, in the opinion of the Court, the testimony of *Waterman* was inadmissible, the verdict which was for the plaintiff, was to

Eldridge *v.* Wadleigh.

be set aside and a new trial ordered ; otherwise judgment was to be rendered thereon.

*Rogers,* for the defendant, insisted that a vendor was inadmissible as a witness, to sustain the title of his vendee, and cited 1 *Strange,* 445 ; 3 *Stark. Ev.* 1647, and cases there cited ; *Scott* v. *McLellan & al.* 2 *Greenl.* 199.

In this case, the interest of the witness is not balanced, inasmuch as if the plaintiff does not prevail, he will be liable to the plaintiff for the costs of this suit.

*Garnsey,* for the plaintiff, cited 2 *Stark. Ev.* 744, 745, 751 ; *Cushman* v. *Loker,* 2 *Mass.* 106 ; *Hale* v. *Smith,* 6 *Greenl.* 416 ; *Nix* v. *Cutting,* 4 *Taunt.* 17 ; *Descadillas* v. *Harris,* 8 *Greenl.* 298 ; 13 *East,* 175.

WESTON C. J. — Whoever sells personal property as his own, becomes by implication of law a warrantor of the title, and cannot therefore be received as a witness for the vendee, when that title is called in question. *Hale* v. *Smith,* 6 *Greenl.* 416. The ground of his exclusion is, the interest he has to maintain his warranty. But the effect of such interest may be balanced or neutralized by an equal interest in favor of the opposite party. In that case the witness has nothing to gain or lose by the event of the cause. The amount of his liability is not affected, whether one party or the other prevail. If the witness was in that situation, although he was the vendor of the plaintiff, by whom he was called, he had no interest to be promoted by his recovery, and was therefore not incompetent on that ground.

If the plaintiff fails, the witness is answerable to him upon his warranty. What would be the amount of damages ? The value of the oxen, which the plaintiff may have failed to hold. It is urged that he would be further answerable for the costs, incurred by the plaintiff in this action. The warrantor, in the conveyance of real estate, is bound to indemnify the grantee or his assigns, if the title fail, against the costs incurred in attempting to defend it, if he has notice of the suit, and is called upon to take upon himself the defence. Every reason, upon which this rule of notice is founded, applies with equal force to the warranty implied upon a sale of personal chattels. Without determining that the vendor

of such property would be liable for the costs, upon such notice, we are very clear that he would not be without it, and none appears to have been given in this case. Suits are very common in our courts between an attaching creditor, or the officer who represents him, and the vendee of the debtor, turning upon the question, whether the sale was or was not fraudulent. The debtor, in these cases, is received as a witness for either party. He is most generally called by the vendee; and yet no objection has been sustained to his admission. His legal interest is balanced. If the vendee prevails, his warranty is satisfied; if the creditor, the value is applied to the payment of his debt. Thus there is in the eye of the law an equipoise of interest, although subject to the contingency, that the value may turn out to be more available to the debtor, in the one case than in the other.

*Waterman*, the witness, although he testified that he had purchased the oxen of the defendant, at the same time stated that he had never paid for them. If then the plaintiff holds them, the witness is bound to pay their value to the defendant, upon his purchase; if the defendant recovers them, the witness is liable for their value to the plaintiff upon his warranty. Upon these facts, it does not appear to us, that there was any balance of interest in the case, which would render the witness incompetent.

*Judgment on the verdict.*